THE STATE ex inf. DAVID E. KILLAM, Prosecuting Attorney, ex rel. CLAUD CLARE et al., Appellants, v. CONSOLIDATED SCHOOL DISTRICT NUMBER ONE OF LINCOLN COUNTY.

Division Two, March 17, 1919.

1. **CONSOLIDATED SCHOOL DISTRICT: Special Meeting: Notice.** If four members of the board of directors of a consolidated school district were present at a special meeting and all six members had notice, the meeting was legal.

2. ———: **Annexation of Other Territory.** The presentation of a certificate by the clerk of so much of a common school district as had not previously been incorporated in the consolidated school

VOL. 277,        OCTOBER TERM, 1918.                459

State ex inf. Killam v. Consl. School Dist.

district showing that an election therein had been held upon the question of annexing its territory to the consolidated district and that a majority of its legal voters had voted in favor of such annexation, and of a written statement signed by a number of the citizens of such territory requesting the annexation, authorized the board of the consolidated district to formally accept such territory, and so far as said board was concerned settled the matter of the regularity of such annexation.

3. QUO WARRANTO: Estoppel. There is a distinction between an information filed by the State's attorney *ex officio* and one filed by him at the relation of private parties. The purpose of the statute authorizing such a suit to be brought at the relation of a party in interest is to make relator responsible for the result and incapable of bringing it unless he has an interest in the result, and therefore, being burdened with the prosecution and having authority to prosecute or discontinue it, he may be estopped like the real party in interest in any other proceeding.

4. ———: ———: Consolidated School District. In a suit in the nature of *quo warranto* brought at the relation of certain citizens inhabiting that portion of a common school district that had not been incorporated in a consolidated school district, to oust said consolidated district from exercising authority over such portion, which it was claimed had been regularly annexed to said consolidated district, evidence which justifies the trial court in finding that the common school district had been discontinued with relators' consent, that they signed and presented to the board of the consolidated district a statement signifying their consent to the annexation of the territory to the consolidated district, that they subsequently attended the annual school election in the consolidated district and participated in the election of two directors, one of whom was a resident and former clerk of the common school district and is a relator, and voted on the length of the school term, the rate of taxation and other matters which came before the meeting, is sufficient to estop relators to question the validity of the annexation.

5. ———: ———: Rule. Relator cannot maintain his suit to oust *de facto* officers from exercising their rights as such, if he was a party to the proceeding by which the office was acquired. If he has contributed to the grievance of which he complains, he cannot be heard.

Appeal from Lincoln Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

AFFIRMED.

*D E. Killam* and *Dudley & Williams* for appellants.

(1) The court erred in admitting the alleged certificate and record of the election of March 19, 1917. They were shown to be spurious, untrue and not the official record of the meeting and known to be such by the school board of respondent. Laws 1913, p. 723, sec. 5; R. S. 1909, sec. 10882; State v. Lawrence, 178 Mo. 375; Johnson v. School District, 67 Mo. 319. Besides the alleged record of the meeting was not attested by the chairman of the meeting and it gives no intimation as to what proposition was submitted to the voters. (2) The court erred in admitting the record of respondent's school board of March 23rd for several reasons. (a) The meeting was not legally called, only four members were present and no notice to the other members appears to have been given. It was not a legal meeting. R. S. 1909, secs. 10849, 10868, and 10871; 10 Cyc. 784; 35 Cyc. 903-905; Phillips v. Decker, 101 Mo. App. 118; School District v. Smalley, 58 Mo. App. 658. (b) The members present knew that the papers filed with them were spurious, unofficial and untrue and they had no right to annex District No. 37 thereon. R. S. 1909, secs. 10880, 10882; R. S. 1909, sec. 10799. (3) The court erred in admitting any evidence on the theory of estoppel, for the reasons: (a) This was not a private proceeding, but a proceeding by the State relating to a public matter. The conduct of private parties was therefore immaterial. Consolidated District v. Hunt, 199 S. W. 944; Barker v. Smith, 271 Mo. 168; State ex inf. v. Taylor, 208 Mo. 451; R. S. 1909, secs. 2631, 2635, 32 Cyc. 1450, 32 Cyc. 1432; Edwards v. Kirkwood, 147 Mo. App. 599; People v. Burns, 212 Ill. 227; State ex rel. v. Sharp, 27 Minn. 38. (b) Under the doctrine of estoppel there were no grounds of estoppel and the court erred in so holding. Acton v. Dooley, 74 Mo. 63; Blodgett v. Perry, 97 Mo. 263; Feerland v. Williamson, 220 Mo. 217; Osburn v. Court of Honor, 152 Mo. App. 652; Rogers v. In-

surance Co., · 155 Mo. App. 276; Philips v. Butler County, 187 Mo. 698; Heidelberg v. St. Francis County, 100 Mo. 69; DeLashmutt v. Teetor, 261 Mo. 439; Spence v. Renfro, 179 Mo. 442; State v. Lawrence, 178 Mo. 379; Bales v. Perry, 51 Mo. 449; 16 Cyc. 680, 722, 726, 747.

*Sutton & Huston* for respondent.

(1) The minutes of the school meeting and the certificate of the secretary of the meeting filed with and presented to the board of Consolidated School District, constitute the official return of the secretary and this return is conclusive in this case as to the result of the vote on the proposition for annexation, since no charge of a false or incorrect return was made by the relators in their pleadings. Laws 1913, sec. 5, p. 723; Secs. 10799, 10880, 10882, R. S. 1909; ·32 Cyc. 1449, Note 87. (2) The relators are estopped by their conduct to deny the validity of the annexation. 32 Cyc. 1449; State ex rel. Prilliman v. Tipton, 109 Ind. 78; 2 Dillon Municipal Corp. sec. 901; Stultz v. State, 65 Ind. 492; Muliken v. City of Bloomington, 72 Ind. 161; King v. Clark, 1 East, 46; State ex inf. Barker v. Smith, 271 Mo. 178; Black v. Early, 208 Mo. 303; State ex inf. v. Taylor, 208 Mo. 451; State ex inf. v. Heffernan, 243 Mo. 450; State ex rel. Kempf v. Boal, 46 Mo. 531; State ex rel. v. McMillan, 108 Mo. 157; Art. 13, Chap. 22, R. S. 1909. (a) The proceeding in the nature of *quo warranto* is essentially a civil action. State ex rel. v. Kupferle, 44 Mo. 154; State ex inf. v. Equitable Co. 142 Mo. 325; State ex rel. v. Standard Oil Co., 218 Mo. 353. (b) A *de facto* corporation is not a void corporation, however irregular or illegal may have been the procedure by which its organization was undertaken and the corporate existence of such *de facto* corporation cannot be called in question or disturbed except in a direct proceeding by the State through its prosecuting officer acting either *ex officio*

462 · SUPREME COURT OF MISSOURI,

State ex inf. Killam v. Consl. School Dist.

or at the relation of a private relator who can show himself a fit and suitable person to represent the State in such prosecution, and the same rule necessarily applies in the case of a *de facto* annexation of territory. Consolidated District v. Hunt, 199 S. W. 945; State ex inf. Barker v. Smith, 271 Mo. 178; Black v. Early, 208 Mo. 303; State ex inf. v. Taylor, 208 Mo. 451; State ex inf. v. Berkeley, 140 Mo. 186; State ex inf. v. Heffernan, 243 Mo. 450; State ex rel. Kempf v. Boal, 46 Mo. 531. (c) When *quo warranto* proceedings are begun by a state official at the relation of a private individual, such private individual must be a proper and qualified person to become a relator and unless it is made to appear that the relator has some special interest in the prosecution of the proceeding the prosecution must fail, and it is a corollary to this rule that a relator who seeks to disturb a *de facto* corporation or a *de facto* annexation must be a qualified relator not only in the sense of being specially interested in the prosecution of the writ, but also in the sense that he must not have disqualified himself by his previous conduct inconsistent with the relief he seeks. State ex inf. v. Berkeley, 140 Mo. 186; State ex inf. v. Heffernan, 243 Mo. 450; State ex rel. Kempf v. Boal, 46 Mo. 531. (d) A proceeding in the nature of *quo warranto* instituted by a prosecuting officer at the relation of a private individual under the provisions of Art. 13, Chap. 22, R. S. 1909, is essentially a conflict waged between the private relator and the defendant in which the relator is in absolute control on the side of the prosecution, and such relator is therefore in no better position to escape the force of the doctrine of estoppel than the litigants in other cases; on the contrary, such relator, assuming to act for the State in assailing a public *de facto* corporation in the exercise of a public franchise, is subject to a more rigorous application of this wholesome doctrine. Secs. 2631, 2632, 2634, 2635 and 2636, R. S. 1909; State ex inf. v. Taylor, 208 Mo. 451; State ex rel. v. McSpaden,

137 Mo. 634; Consolidated District v. Hunt, 199 S. W. 945; State ex inf. Barker v. Smith, 271 Mo. 178; State ex inf. v. Berkeley, 140 Mo. 186; State ex rel. Kempf v. Boal, 46 Mo. 531. (3) The territory of District No. 37 was legally annexed to the consolidated district pursuant to a valid and legal election. Laws 1913, sec. 5, p. 723; Sec. 10882, R. S. 1909; Sec. 10880, R. S. 1909; Sec. 10799, R. S. 1909.

WHITE, C.—The prosecuting attorney of Lincoln County filed in the circuit court of that county an information in the nature of a *quo warranto* at the relation of eighteen taxpaying citizens of School District No. 37 of Lincoln County, against Consolidated School District No. One of Lincoln County, the purpose of which was to oust the respondent from exercising authority over the territory of District No. 37.

On trial of the cause the circuit court found the issues in favor of the respondent, Consolidated School District No. One, and the relators appealed.

The petition of relators alleged that they were resident taxpayers within and patrons of School District No. 37, a legally and duly organized school district; that Consolidated School District No. One without any warrant or authority, exercised jurisdiction and authority of a consolidated school district over the lands and property contained in School District No. 37, and was attempting to fix the rate of taxes for school purposes and attempting to exercise control over the school as a part of Consolidated District No. One, and had abolished, or attempted to abolish, the school within the said School District. No. 37.

It is further alleged that School District No. One undertook to procure the annexation of School District No. 37 and procured a special election and school meeting to be held in District No. 37 for the purpose; but that no proper or legal election was held; and at the election so illegally held, a majority of the qualified voters of said district who voted did not vote in favor

464　　SUPREME COURT OF MISSOURI,

State ex inf. Killam v. Consl. School Dist.

of the annexation of School District No. 37 to Consolidated School District No. One; that the secretary of said special School District No. 37 failed to certify a copy of the result of said special election with a copy of the record of said special school meeting to the school board of said District No. 37, and to the said school board of said Consolidated District No. One; that all the proceedings by which it was attempted to annex said School District No. 37 to said Consolidated School District were illegal, insufficient, and without warrant or authority of the law. The petition then prayed that School District No. One be ordered to show upon what authority it claims to exercise its privileges, and that it be excluded from all corporate rights, privileges and franchises over District No. 37 and its territory.

For answer and return respondent sets up that a part of the territory of School District No. 37 of Lincoln County had been incorporated in District No. One, and that thereafter the remaining inhabitants of School District No. 37, on the 19th of March, 1907, held a special school meeting at the schoolhouse in said District No. 37 for the purpose of voting upon the annexation of said School District No. 37 to Consolidated School District No. One; that a proper petition was presented to the board requesting that such meeting be called and proper notice given of such meeting; that at such meeting a majority of the voters of said District No. 37 voted in favor of such annexation; that the secretary of that meeting duly certified that fact with a copy of the record to the board of directors of School District No. 37 and the board of directors of Consolidated School District No. One, and that thereupon the board of directors of said Consolidated School District No. One met and voted in favor of such annexation and affirmed such annexation by proper order and resolution, and that thereupon said District No. 37 became a part of Consolidated District No. One.

The return further alleges that all the relators, immediately after the holding of said special meeting by the board of directors of said Consolidated School District No. One, made statements to the board of said school district to the effect that the election resulted in favor of annexation, requesting that the board of said District No. One receive and accept School District No. 37, confirming such annexation.  That the school board of said Consolidated School District No. One relied upon such statements and representations and that the board of directors of District No. 37 and officers of said district fully recognized such annexation as legal and valid and turned over the records and property of said school District No. 37 to the board of Consolidated District No. One;  that thereafter all the qualified voters within the territory of said School District No. 37 participated in the annual school election held in said Consolidated School District in April, 1917, and at said school election voted upon all the propositions submitted to the voters of said district, and that one of the relators, Claud Clare by name, who resided within the annexed territory, was elected as one of the directors of School District No. One, and qualified as such and voted for the election of teachers in said district, and voted upon matters passed upon by said board, all with the acquiescence, concurrence and consent of the relators herein and of all the qualified voters and adult inhabitants of said annexed territory;  that upon the confirmation of the annexation of said territory, the board of directors of said School District No. 37 disbanded with the acquiescence, consent and concurrence of all the relators and all the adult inhabitants and qualified voters of said annexed territory, and have made no effort to carry on any school in said territory or to levy any taxes for the purpose of conducting such school, or to employ any teacher for that purpose or to in any way act or operate as a school district or corporate body, but on

277 Mo.—30

466    SUPREME COURT OF MISSOURI,

State ex inf. Killam v. Consl. School Dist.

the contrary have concurred in the disorganization of said territory as a school district, and acceded to the annexation thereof to said consolidated district. Wherefore respondents claim that the relators are estopped to deny the validity of the annexation of the said territory or the validity of the proceedings relating thereto.

The judgment of the trial court recited that the territory of School District No. 37, as it existed at the time of the meeting on March 19, 1917, is now lawfully incorporated and annexed to said Consolidated School District No. One, and is a part of said district, and that said district is entitled to exercise the privileges, rights and franchises over the territory of District No. 37. The respondent was discharged.

On the trial the respondent, Consolidated School District No. One, undertook the burden of establishing the facts stated in its return and answer. It introduced George F. Mudd, a member of the board of directors and district clerk of Consolidated School District No. One. He testified that the board of directors of School District No. One met on March 23, 1917, and accepted the certificate of election held in District No. 37 on March 19th, previous; he identified the record showing a special meeting on March 23rd; the board of directors consisted of six members and only four were present at that meeting. This record revealed the acceptance of the result of the election in No. 37 asking said election.

The respondent then offered the certificate of the clerk of District No. 37 and the records of the proceeding of said district, showing the holding of the special election in that district on March 19th for the purpose of voting on the proposition to annex to School District No. One, and showing that the result in said election resulted in fourteen for such annexation and thirteen against. The respondent also offered in evidence the petition to the board of directors of School District No. 37 asking said election.

It was further shown that at the annual school meeting of the Consolidated School District No. One, held in April, 1917, several of relators and other voters in the territory of School District No. 37 were present and participated, voted on the election of two directors and voted on the length of the school term and what school buildings should be used, the rate of taxation, and the term of school; Claud Clare, former director of District No. 37, was elected as a director of Consolidated School District No. One. The minutes of meetings of the board of directors was introduced showing that Claud Clare participated in such meetings after the annual school meeting.

The respondent then rested its case.

Thereupon relators introduced Claud Clare. He testified that at the special meeting held in District No. 37 on March 19th, the votes showed fourteen for annexation and fifteen against, and the record was so made and the minutes were so written. These minutes were lost or destroyed, and four days later the minutes certified to the board of directors of Consolidated School District No. One showed fourteen for and thirteen against. Other evidence was offered of that result. As to just the reason for this change there is some confusion in the testimony, but no dispute as to the fact. It seems that immediately after the election on March 19th, the people living in School District No. 37 became afraid that they would be annexed to what is termed the Millwood District, another adjacent and consolidated district, to which they all objected, and in order to avoid that calamity they cast about for a method to reverse their vote and procure annexation to Consolidated District No. One. It is disputed as to whether some persons in District No. One who favored the annexation started the agitation or whether it originated in District No. 37. At any rate, a pretext was discovered to disregard the return and certify that the vote was carried in the supposed discovery that two of the voters who voted against annexation

468    SUPREME COURT OF MISSOURI,

State ex inf. Killam v. Consl. School Dist.

did not live in the district. Having made that discovery it seems that practically all parties in both districts concurred in the change of the minutes of the proceeding. Claud Clare, Clerk, District No. 37, then wrote up the minutes in accordance with the new attitude of the voters as showing that the election was carried by fourteen to thirteen.

A paper called "Exhibit 5" was before the court and much testimony offered in connection with it. Exhibit 5 is not in the record, but it was treated at the trial as in evidence and is so treated in the argument here. It appears to have been a statement signed by most of the relators and probably all or nearly all the voters in District No. 37 who originally voted against annexation. The statement was to the effect that the signers favored annexation and desired to have the order made accordingly. It seems that this paper was before Consolidated School District No. One at its meeting on March 23rd, when it acted upon the certificate of the clerk.

Much evidence was offered *pro* and *con* as to whether the two voters, Walter Morris and Charles Houston, who voted against annexation, were in fact residents of District No. 37.

There was evidence offered to show that before the annexation was accomplished in the way indicated, it was agreed by those in authority in District No. One that a ward school was to be placed at a particular point in the territory of No. 37; that afterwards the ward school was not located to suit the people of No. 37, and the failure of District No. One to do that was the cause of the dissatisfaction of relators and their bringing this action to declare the whole thing void.

I. By the Act of 1913 (Laws 1913, p. 722) Article 4, Chapter 106, Revised Statutes 1909, was made to apply to consolidated school district and country districts adjacent, where formerly it only applied to towns and villages and school districts adjacent.

It is alleged in the return of the respondents that a part of the territory comprised of District No. 37 had already been incorporated within the territory of

Annexation.    Consolidated District No. One, and the controversy in this case arises over the inclusion of the balance of the territory. The case was tried on that theory, and that Section 10880 and 10882 applied to the matter under consideration.

It is claimed by appellant that the meeting of the board of directors of Consolidated School District No. 1 on March 23rd was not valid, because only four of the six members of the board were present. There is evidence, however, tending to show that all members of the board were notified. The certificate from the clerk of the district, No. 37, was present showing the election had been carried, also the statement signed by a number of the relators, voters of No. 37, designated as Exhibit No. 5, requesting the annexation. Upon this information the board of Consolidated School District No. One voted and accepted the territory comprising District No. 37 as formally annexed.

That proceeding of the board of Consolidated District No. One was regular in every respect and settled the matter so far as action of that board was concerned.

II. Much of the briefs and arguments of the parties is taken up in a discussion of the regularity of the proceeding by which District No. 37 attempted to annex itself to Consolidated District No. One, and whether, under the circumstances, the actual vote cast at the electon of March 19, 1907, may be inquired into and the qualifications of voters who voted at that time determined. Before considering those alleged irregularities, another question must be determined:

It is asserted by respondent that the relators here are estopped by their conduct to question the regularity of that proceeding.

Estoppel.    Appellants, on the other hand, claim that the relators cannot be estopped; that this is a proceed-

ing in *quo warranto* brought by the State on the information of the State's attorney; that it is a proceeding of a public nature and must be determined as such, and not determined according to the interests of the person at whose relation it was instituted.

It is true that an information in the nature of *quo warranto* filed by a prosecuting attorney *ex officio* is of the character contended for and entirely within the control of the State. It is a common law remedy derived from the ancient writ of *quo warranto*. [State ex rel. Brown v. McMillan, 108 Mo. l. c. 157; State ex inf. v. Smith, 271 Mo. 168, l. c. 178; 22 R. C. L. p. 657.] The cases, however, have always made a distinction between an information filed by the State's attorney *ex officio* and one filed by him at the relation of private parties. [State ex inf. v. Berkeley, 140 Mo. l. c. 186; State ex rel. Boyd v. Rose, 84 Mo. 198, l. c. 202; State ex rel. McIlhany v. Stewart, 32 Mo. 379, l. c. 381.]

The proceeding here brought at the relation of private parties is purely statutory, and the statute, Sections 2631 to 2635, Revised Statutes 1909, determine the character of the action. For instance, Section 2631 provides: ''When such information has been filed and proceedings have been commenced the same shall not be *dismissed or discontinued without the consent of the person named therein as relator; but such relator shall have the right to prosecute the same to final judgment, either by himself or by attorney.*''

Section 2634 provides that the person procuring such information shall proceed thereupon at the most convenient speed. Section 2635 provides that if judgment should be given for the defendant in such a proceeding he may recover his costs against the relator.

In the case of State ex inf. v. Taylor, 208 Mo. 442, cited as showing that the prosecuting attorney who files the information controls the proceeding, it was simply held that the proceeding could not be commenced in the name of a prosecuting attorney without his consent;

that is, he must determine in the first instance whether such proceeding may be begun. The court, however, said, l. c. 452: "When such information has been once filed and a proceeding commenced in the circuit court at the relation of such person, such prosecuting attorney or Attorney-General steps down from the exclusive stool of duty and responsibility, and, seating himself on a lower and more humble bench of power shared jointly with relator, he may not thereafter dismiss or discontinue such proceeding without his consent." See, also, State ex rel. v. McSpaden, 137 Mo. 628, l. c. 634. It has also been held that such a proceeding could not be maintained by a relator who had no special interest in the subject-matter of the suit. [State ex inf. v. Heffernan, 243 Mo. 442, l. c. 450-451; Campbell v. Sargent, 85 Kan. 590; State ex rel. v. Kennerly, 26 Fla. 608; State ex rel. v. Hamilton, 29 Neb. 198.] Such a proceeding is held to be essentially a civil proceeding to ascertain and settle a matter of private right between two individuals where it is sought to determine title to an office. [State ex rel. v. Lawrence, 38 Mo. 536, l. c. 539.] The purpose and intent of the statute is to make the relator, the party in interest, responsible for the result and incapable of bringing the proceeding unless he have an interest in the result of the suit. The relators, therefore, being burdened with the prosecution of the suit and being the parties interested in the result and having authority to prosecute it or discontinue it, may be estopped like the real parties in interest in any other proceeding.

III. The next question then is, did the relators by their conduct estop themselves to question the validity of the annexation? A number of them at-

**Facts Constituting Estoppel.** tended the regular school election of District No. One, which occurred in April following the annexation. The names of a number of those who attended are given.

They participated in the election of two directors,

one of whom was Claud Clare, a resident and former clerk of District No. 37. They voted on the length of the school term, the rate of taxation and other matters which came before the annual meeting. The school in District No. 37 was discontinued with their consent. Previous to that at the meeting of the board of Consolidated District No. One, held on March 23rd, when the proceedings of District No. 37 were canvassed and the annexation ordered, Exhibit 5 was before them, signed by a number of relators, particularly those who had voted against annexation; it signified consent to the certification that annexation had carried. Appellants in the argument concede these acts of some of the relators, but assert that three of the relators did not sign Exhibit 5 and were not shown to have favored the annexation at any time. The names of such three relators are not given and they do not appear in the evidence. The record shows that three of the relators withdrew from the case before the trial was concluded, and among them was D. Bibb. Bibb is mentioned in the evidence as one of the objectors who did not appear at the annual school election. Walter Morris is mentioned as one who did not sign Exhibit 5; he was one of the two whose residence in District No. 37 was questioned, but he appeared among the list of those who participated in the annual election. While the names of a number of residents of District No. 37 are given as having attended the annual election and participated in the proceeding, it does not state that this list mentioned by one witness included all such residents of said District 37 who attended the meeting. At least thirteen persons signed Exhibit 5, their names are not given and it is not shown whether they are the same who attended the annual meeting, or whether some of them were different. In short, so far as the record shows, we cannot say that the trial court was without evidence to support a finding that all the relators did participate in some of the proceedings which recognized the validity of the annexation.

It is the general rule in such cases that where a relator seeks to oust the *de facto* officers from exercising their rights as such he cannot maintain his suit if he was a party to the proceeding by which the office was acquired. If he has contributed to the grievance of which he complains he cannot be heard. [High on Extraordinary Remedies (3 Ed.) secs. 686-7; State ex rel. Prilliman v. Town of Tipton, 109 Ind. 73, l. c. 78.] In the case last cited it is held that the relator in such case cannot maintain his action unless it is shown "that he did not concur in the act or matter of which he complains."

Appellant quotes from Acton v. Dooley, 74 Mo. 63, l. c. 67, where this court, following Herman on Estoppel, laid down the elements of estoppel *in pais* as follows: "Before the party is concluded by an estoppel, it must appear, 1st, That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title of the claim he poses to set up. 2nd, That the other party has acted on the admission. 3rd, That the other party will be injured by allowing the truth of the admission to be disproved."

The facts in this case contain all those elements of estoppel *in pais*. The relators made admissions which are inconsistent with their purpose here. The respondent acted upon them in incorporating the district and in proceeding with the regular business of the annual election. Expense was incurred, taxes levied, teacher employed, teacher's salary fixed, and the property and affairs of the new district entirely readjusted on the faith and belief of the respondent that the relators acquiesed in that proceeding. The relators are estopped to question the validity of the annexation.

It becomes unnecessary to consider the alleged irregularities at the meeting of March 19th.

The judgment is affirmed. *Roy, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.