STATE of Missouri, ex inf., George PEACH, Circuit Attorney for the CITY OF ST. LOUIS, ex rel. Harry E. STITZ, Relator,

v.

Arthur PERRY, et al., Respondents.

No. 44958.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 14, 1982.

---

John L. Sullivan, St. Louis, for relator.

Frederick W. Shultz, Clayton, for respondents.

REINHARD, Judge.

The Circuit Attorney of the City of St. Louis at the relation of Monsignor Harry Stitz instituted this action in the nature of quo warranto against respondents alleging they were unlawfully holding, exercising and executing the office and franchise of the Board of Directors of the Nottame Trust, a not-for-profit corporation. Respondents, by their answer, interposed the defense of laches, and asserted that relator knew of the matters of which he complained for at least 17 years prior to the filing of the lawsuit.

The Nottamme Trust was incorporated in 1961 pursuant to § 355.020, RSMo.1959, and the articles of incorporation provided its purpose was "to organize, own, operate and maintain, without charge, a camp for boys,

and generally to do any and all acts suitable, proper and conducive to the conduct of such a camp." To implement this purpose, the corporation for many years operated a camp on 135 acres of land in Jefferson County which it owned.

After a hearing, at which both parties presented evidence, the trial court filed findings of fact and conclusions of law and entered judgment in favor of the respondents. Relator appeals. Finding that the court was without subject matter jurisdiction, we affirm.

Ordinarily, we would have been disposed to have affirmed the judgment based on the defense of laches. *See, State ex inf. McKittrick v. Seibert,* 228 Mo.App. 1133, 65 S.W.2d 129, 134 (1933). But, on the morning this cause was set for oral argument, the relator, Msgr. Stitz died. George Peach, Circuit Attorney, subsequently filed a suggestion of death and requested "that he be substituted as the sole moving party in this cause" and to proceed without a relator. He argues that the relator, Msgr. Stitz, "was not indispensable in the bringing of this action" because the circuit attorney could have brought this action directly without him. Respondents filed suggestions in opposition to the circuit attorney's motion.

Supreme Court Rule 52.13(a) provides that "[i]f a party dies and the claim *is not thereby extinguished,* the court may, upon motion, order substitution of the proper parties." (emphasis added). We have concluded that the claim as to Msgr. Stitz abated upon his death. One test of whether or not a cause of action abates has been whether it is assignable. *Clair v. Whittaker,* 557 S.W.2d 236, 239 (Mo.banc 1977); *Davis v. Davis,* 252 S.W.2d 521, 622 (Mo. 1952). If it is not assignable, it does not survive. *Campbell v. St. Louis Union Trust Co.,* 346 Mo. 200, 139 S.W.2d 935, 937 (1940).

An information in the nature of quo warranto adjudicates title to a public office or state franchise for the purpose of protecting the public against usurpers. *State ex inf. McKittrick v. Murphy,* 347 Mo. 484, 148 S.W.2d 527, 530–31 (1941). The attorney general, prosecuting attorney, or circuit attorney may file an information *ex officio,* by virtue of the power of his office without leave of court when such an action would serve the public interest. *State ex inf. Graham v. Hurley,* 540 S.W.2d 20, 22 (Mo.banc 1976).

Section 531.010, RSMo.1978, also provides that a prosecuting attorney, at the relation of a private individual may file an information in the nature of quo warranto. When proceeding under this statute, as all private relators must, it is required that the government attorney exercise his discretion in the public interest when deciding whether to lend his name to the action. The discretion of the government attorney is complete. If he declines to file, the private relator can go no further. *State ex inf. Graham v. Hurley,* 540 S.W.2d 20, 23 (Mo. banc 1976).

Moreover, maintenance of a quo warranto action at the relation of a private individual requires that he have a special interest in the subject matter of the litigation. *State ex inf. Otto ex rel. Goldberg v. United Hebrew Congregation,* 309 Mo. 587, 274 S.W. 413, 415 (1925).

This is not an action for damages and no benefit can inure to the relator's estate. Msgr. Stitz had only a right to request the prosecuting attorney to initiate ouster proceedings. We are of the opinion this right could not be assigned. Moreover, no statutory provision provides the claim is not extinguished upon the relator's death. See for example, §§ 537.010 and 537.020, RSMo.1978. Consequently, the cause of action as to Msgr. Stitz abated upon his death.

That still leaves the circuit attorney as a party of record and we could treat this action as one *ex officio.* The petition was signed by the circuit attorney, it contains sufficient allegations to state a cause of

action in the nature of quo warranto and to show that it was brought by the circuit attorney in his official capacity as the representative of the state and for the protection of a public interest. *State ex inf. Graham v. Hurley,* 540 S.W.2d 20, 25 (Mo. banc 1976); *State ex inf. Ellis ex rel. Patterson v. Ferguson,* 333 Mo. 1177, 65 S.W.2d 97, 98 (1933).

█ But, in the circumstances of this case, the circuit attorney by filing this action deprived the trial court of subject matter jurisdiction. The parties have not raised this issue, however, lack of subject matter jurisdiction may be raised *sua sponte* at any time by the court. Rule 55.27(g)(3); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227 (Mo.banc 1982). It is the settled law of this state that a prosecuting attorney:

> cannot proceed in the name of the state, save and except the matters involved are matters arising within and pertaining to the jurisdiction of such prosecuting officer. In other words, they must be matters which concern the state in the limited territory over which such officer has control, or in which he has power to act. His limit is the county for which he was elected.

*State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman,* 272 S.W.2d 289, 293 (Mo. banc 1954).

In *Brackman,* the Supreme Court held that the St. Louis County Circuit Court did not have subject matter jurisdiction of a quo warranto proceeding filed by the Prosecuting Attorney of St. Louis County for the forfeiture of a corporate charter against a corporation granted a statewide charter which did business in both St. Louis County and St. Louis City. The court held a prosecuting attorney "is limited to cases which

involve issues having a *local situs* in his county. And this is so whether he brings the proceedings ex officio, or at the relation of a third person." (emphasis original). 272 S.W.2d at 295. Only the attorney general has the power to initiate ouster proceedings in those circumstances. In *Brackman,* the court quoted with approval from *Kennington-Saenger Theatres, Inc. v. State ex rel. District Attorney,* 18 So.2d 483, 487 (Miss.1944), wherein the court held a prosecuting attorney had power to proceed in quo warranto against a corporation:

> only when the corporation is authorized by its charter to exercise its functions only in a certain county or judicial district of this State, or where its charter powers are such that because of the essential manner of the exercise thereof, or because of the exclusive physical conditions ... those powers cannot be exercised except in a certain territorial location in the State ....

This corporation's purpose was to operate a camp for boys. It had authority to conduct activities throughout the state as its charter did not limit it to activities to any one county. Even though the corporation's registered agent and board of directors resided in the City of St. Louis, and conducted some of its activities in the City of St. Louis, it principally carried out its purpose in Jefferson County at the 135 acre camp it owned. This was the only camp the corporation operated. Clearly, had this been an action against the corporation, *Brackman* would control. In the present case, the action was brought against the corporate directors, but we see no reason to apply a different rule. We have concluded that this case involves matters outside the jurisdiction of the Circuit Attorney of the City of St. Louis [1] and is a matter that could only have been brought in the name of the state

---

1. In § 355.490, RSMo.1978, enacted in 1953 (Laws 1953, p. 322, § 100), a year prior to *Brackman,* the attorney general, circuit attorney, and prosecuting attorney are authorized to institute an action in the nature of quo warran-

to against corporate officers of not-for-profit corporations organized under Chapter 355. In light of *Brackman,* the circuit attorney is limited to proceedings brought against corporations with a local situs.

by the attorney general.[2] *State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman,* 272 S.W.2d 289 (Mo.banc 1954). The circuit court was without subject matter jurisdiction of this cause.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

2. This is not to say the parties did not have other remedies. *See, Potter v. Patee,* 493 S.W.2d 58, 60 (Mo.App.1973).