**STATE of Missouri, ex inf. Dee JOYCE–HAYES, Circuit Attorney,**

v.

**TWENTY–SECOND JUDICIAL CIRCUIT, and the Honorable Thomas C. Mummert, III, Appellants,**

v.

**The METROPOLITAN ST. LOUIS SEWER DISTRICT, Respondent.**

No. 63505.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 2, 1993.

G. Keith Phoenix, St. Louis, for appellants.

James M. Byrne, Robert H. Grant, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This proceeding seeking a writ of quo warranto was instituted in the Circuit Court of the City of St. Louis by Richard L. Swatek, the then Circuit Attorney of the City of St. Louis. Mr. Swatek, on his own information and not at the relation of any individual having a special interest in the subject matter of the action, sought to oust the judges of the Circuit Court of the City of St. Louis, the Twenty–Second Judicial Circuit of Missouri, from the performance of the duty of approving appointments made by the Mayor of St. Louis to the board of trustees of the Metropolitan St. Louis Sewer District.

On February 9, 1954, pursuant to Article VI, §§ 30(a) and 30(b), of the Missouri Constitution, the voters of the City of St. Louis

and St. Louis County approved a plan establishing the Metropolitan St. Louis Sewer District (MSD). MSD has exclusive jurisdiction over sewer and drainage systems and facilities in the City of St. Louis and most of St. Louis County. The plan which created MSD authorizes a Board of Trustees to execute MSD's duties and powers. The plan also provides for the number, selection and terms of the Board of Trustees. It provides specifically:

> The Board shall consist of six members to be known as Trustees, three of whom shall be appointed by the Mayor of the City of St. Louis with the approval of a majority of the judges of the circuit court of said City and three of whom shall be appointed by the County Supervisor of St. Louis County with the approval of a majority of the judges of the circuit court in said County.

In his action for a writ of quo warranto, Mr. Swatek maintained that the Twenty–Second Judicial Circuit's approval of appointees to the board violated the separation of governmental powers and constituted administration of local government by state officials. He sought to oust the judges of the Twenty–Second Judicial Circuit from allegedly usurping a power which they could not exercise under the Missouri Constitution. Mr. Swatek filed this information, not at the request of a private relator, but on his own initiative as Circuit Attorney.

The judges of the Twenty–Second Judicial Circuit recused themselves from hearing this action and assigned special Judge Robert Barney. In answer to the petition, the Twenty–Second Judicial Circuit admitted all allegations in the petition and prayed for the same relief—ouster of the Twenty–Second Judicial Circuit from its duties under the MSD plan.

The trial court entered a preliminary order in quo warranto and allowed Vincent C. Schoemel, Jr., then Mayor of the City of St. Louis, and MSD to intervene as parties to the action. After reviewing the pleadings and briefs of the parties, the trial court denied Swatek's plea to oust the judges of the Twenty–Second Judicial Circuit from their role in approving appointments to the MSD

Board of Trustees. The Twenty–Second Judicial Circuit, the party against whom the writ was sought, appealed the denial of the writ. Ms. Dee Joyce–Hayes, who replaced Mr. Swatek as the Circuit Attorney of the City of St. Louis, did not appeal, did not file a brief, and has expressly declined to participate in this appeal.

MSD, respondent on appeal, argues that the Twenty–Second Judicial Circuit is not the proper party to appeal the denial of the writ. We agree.

■ A proceeding in quo warranto provides a remedy for the usurpation, unlawful holding, or unlawful execution of any office. *State v. King*, 379 S.W.2d 522, 525 (Mo.1964). Proceedings in quo warranto are governed by Supreme Court Rule 98 and may be commenced and prosecuted in either of two ways: by the attorney general, circuit attorney, or prosecuting attorney *ex officio*, by virtue of the power of his or her office, when such an action would serve the public interest, or by one of those officers at the relation of a private individual having a special interest in the subject matter of the litigation. *State ex rel. Peach v. Perry*, 643 S.W.2d 878, 880 (Mo.App.1982); Supreme Court Rule 98.-02. In the latter case, the private citizen is required to proceed through the government attorney who exercises discretion in the public interest by lending his or her name to the proceedings, and if the government attorney declines to do so "the private relator can proceed no farther." *State ex inf. Graham v. Hurley*, 540 S.W.2d 20, 23 (Mo. banc 1976); *State ex rel. Peach v. Perry*, 643 S.W.2d at 880.

■ After exercising discretion to file an action in quo warranto at the behest of an individual, the government attorney may step aside and make the relator responsible for the result of the action with authority to prosecute it or to discontinue it. *State ex inf. Killam, ex rel. Clare v. Consolidated School Dist. # 1*, 277 Mo. 458, 209 S.W. 938, 941 (1919). However, when the action is filed by the government attorney *ex officio*, it remains "entirely within control of the state." *Id.*

■ This action was instituted by Mr. Swatek in his official capacity as circuit attorney. However, no appeal from the judgment of the trial court has been filed by the circuit attorney. Mr. Swatek's successor in office has expressly refused "to participate in the appeal of this matter which, although it now bears my name, was not initiated or authorized by me." Because this *ex officio* action is entirely within the control of the government officer through which it was instituted, we are constrained to view the refusal of the circuit attorney to participate in this appeal as an abandonment of the action.

■ Likewise, only the government officer who commenced the *ex officio* action has the authority to appeal the judgment of the trial court. Although our research has not disclosed any decision of a Missouri court upon this precise question, this conclusion logically flows from the unwavering principle that control of the prosecution of an *ex officio* action in quo warranto is vested solely in the officer who initiated the action. Other jurisdictions have reached a similar conclusion.

The procedural history set forth in *City of Oklahoma City v. Lacy*, 336 P.2d 906 (Okla. 1959) is remarkably similar to that of the instant case. *Oklahoma City* was a quo warranto action initiated by a county attorney seeking to oust individuals acting as a town board of trustees. The City of Oklahoma City was joined as a defendant. In its answer, it adopted the allegations asserted by the county attorney and prayed for the same relief. After an adverse decision in the trial court, the county attorney did not appeal. The Oklahoma Supreme Court dismissed the appeal filed by the City, quoting from its earlier decision in *State ex rel. McFayden v. Holzclaw*, 151 Okla. 163, 2 P.2d 1022, 1023 (1931) as follows:

"The case at bar being one of a public nature and one that must be prosecuted in the name of the State by the officers designated by law to file and prosecute the same, and the officers designated by law to prosecute the action not having prosecuted this appeal and not appearing in this court, the judgment of this court is the appeal should be and is dismissed."

*City of Oklahoma City v. Lacy*, 336 P.2d at 910.

Ignoring the principle that only the government attorney may control the prosecution of an *ex officio* action in quo warranto and overlooking the fact that by denying the petition of the circuit attorney the trial court ostensibly ruled in favor of the judges, they nevertheless claim a right of appeal pursuant to § 512.020 RSMo.1986. The judges argue that because they were denied the affirmative relief for which they prayed in their answer they are aggrieved and, therefore, they claim to come within the statutory language which grants the right of appeal to "any party to a suit aggrieved by any judgment. . . ."

■ By seeking the affirmative relief of their own ouster, the judges converted their answer into a· counter-claim. Rule 55.08. Such a pleading is ineffectual in so far as it seeks quo warranto relief because of the failure to follow the procedural requirements of Rule 98.02. The writ can issue only after the petition seeking such relief has been presented by the attorney general, prosecuting attorney, or circuit attorney. This is a jurisdictional requirement. *State ex inf. Voigts, etc. v. City of Pleasant Valley*, 453 S.W.2d 700, 703 (Mo.App.1970). After the circuit attorney abandoned further prosecution of the action, there remains no pleading before the court upon which relief may be granted.

In *People v. Wood*, 411 Ill. 514, 104 N.E.2d 800 (1952), the Supreme Court of Illinois denied a statutory right of appeal to one claiming to be aggrieved by the denial of a writ of quo warranto when the appeal was not pursued by the State attorney. The court held that even though the appellant may have been aggrieved, the State alone had the exclusive prerogative to use quo warranto to inquire into a matter of public interest. "Only by turning our backs on the fundamentals inherent in *quo warranto*, or by overlooking them as unimportant and outmoded technicalities, could we justify the granting of appellant's demand of a review of this action as a matter of right." *Id.* at 805, 806. This we decline to do.

The motion to dismiss this appeal is sustained.

GRIMM, P.J., and AHRENS, J., concur.