STATE OF MISSOURI ex inf. SAGER, Appellant, v. LEWIN et al., Respondents.

St. Louis Court of Appeals, December 17, 1907.

1. CORPORATIONS: Charter Powers: Construction. Where a grant by the State to a corporation, defining its powers, is susceptible of two constructions, one of which would render the grant void and the other make it legally enforcible, the latter construction should be adopted.

2. ———: ———: "Furnishing" Medical Treatment. The charter of a corporation, formed for the purpose of "furnishing treatment" for hernia and other diseases, is not void on the ground that the corporation is thus empowered to practice medicine; it may "furnish" such treatment by entering into a contract with physicians to render medical and surgical service; the fact that the principal stockholder in such a corporation is the physician employed to treat the patients who contract with the corporation for treatment, does not alter its status as a lawful corporation.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Irvin V. Barth* and *Thompson & Campbell,* with *Arthur N. Sager,* Circuit Attorney, for appellant.

(1) It is an illegal grant of corporate privileges which authorizes a set of individuals to engage in the practice of medicine, and proceedings *quo warranto* charging them with an unlawful usurpation of corporate rights would prevail. This is conceded by respondents. Commonwealth ex rel. v. Alba Dentist Co., 13 Pa. Dis. 432; Mandeville v. Courtright, U. S. C. C. App. 142 Fed. 97; State ex inf. v. Tarr, Circuit Court, City of St. Louis, June Term, 1906, No. 31436, Room No. 2; State ex rel. v. St. Louis Club, 125 Mo. 308. It is likewise an illegal grant of corporate privileges which authorizes a set of individuals to "furnish treatment" for diseases. F. A. March, "A Thesaurus Dictionary of the English Language," pp. 434, 451, 731. (2) The burden of the construction rests upon the respondents and not upon plaintiff. Where a charter becomes the subject of construction "the usual rule is that in doubtful points the construction should be against the grantee and in favor of the government or general public." Respondents must establish affirmatively that they are not assuming, usurping and unlawfully exercising the privileges of an incorporation. Hence, they must establish

affirmatively that to "furnish treatment" for diseases means to "get" treatment for diseases rather than to "give" it,—to engage in the business of contracting for the practice of medicine rather than in the practice itself. It is clear therefore, that there should be a judgment of ouster. 2 Spelling, Injunctions and other Extraordinary Remedies (2 Ed.), p. 1605, sec. 1891; State ex inf. v. Railroad, 103 S. W. 936; State ex inf. v. Hogan, 163 Mo. 43; State ex inf. v. Blerkley, 140 Mo. 184; State ex inf. v. Vallous, 140 Mo. 523; Thompson, Private Corporations, sec. 115 and cases cited; Frost, The Incorporation and Organization of Corporations (2 Ed.), sec. 4.

*Bond, Marshall & Bond* for respondents.

(1) Paragraph 11, section 1319, Revised Statutes 1899, affords complete authority for the incorporation of a company to "furnish" medical aid by regular, licensed physicians employed by the company. (2) A corporation is deemed a citizen whenever the circumstances are identical with those of natural persons. U. S. v. Amedy, 11 Wheat 362; Douglas v. Steamship Co., 4 Cal. 304; Emerson v. Goodwin, 9 Conn. 422; Louisville v. Commonwealth, 62 Ky. 295; People v. Insurance Co., 15 Johns (N. Y.) 358; Telegraph Co. v. Richmond, 26 Gratt. 1; Miller v. Commonwealth, 27 Gratt. 110; Fisher v. Horicon Iron & Mfg. Co., 10 Wis. 351. And unless restrained by statute a corporation has the same right to contract that an individual has. King v. Insurance Co., 195 Mo. 304. The right to contract is guaranteed by the U. S. Constitution. Const. U. S., sec. 10, art. 1. The charter of defendant's company authorizes it to "furnish" medical treatment, not to practice medicine, and that company expressly disclaims any right to practice medicine. The term "furnish" means: 1. "To supply with anything necessary useful or appropriate; to provide." Webster Inter. Dict. Title "Furnish" 2. "To equip or fit out; supply what is necessary or fitting."

Standard Dict. Title "Furnish." (3) "To furnish means to fit up anything needful; also to provide for use; to supply." 14 A. & E. Enc. Law (2 Ed.), p. 567. (4) Similar corporations have been declared legal in other States. Ex parte Whitewell, 98 Col. 73, 19 L. R. A. 727; Washington Home of Chicago v. Chicago, 157 Ill. 414, 29 L. R. A. 798; State v. Davis, 23 Ohio St. 434; Chalfant v. State, 57 Ohio St. 60; Dartmouth College v. Woodward, 4 Wheat. 516; Society for Propagation of Gospel v. New Haven, 8 Wheat. 464; McDonald v. Hospital, 120 Mass. 432.

BLAND, P. J.—The following taken from appellant's statement is a correct statement of the main facts in the case:

"This is a proceeding *quo warranto* filed *ex officio* by the circuit attorney of the city of St. Louis, Missouri, on the twenty-fifth day of April, 1906, to oust the respondents, W. A. Lewin, A. Lewin and M. M. Ritter, and all others acting conjointly with them, from the exercise of the privileges of an incorporation under the name of the Lewin Hernia Cure Company.

"The information charges that under said name the respondents 'have claimed and do still claim the right and privilege to furnish treatment for hernia and medical and surgical treatment for all other diseases, accidents and deformities and as such pretended corporation have exercised and do now exercise the right and privilege of engaging in the practice of medicine and surgery, treating hernia and all other diseases, accidents and deformities in the city of St. Louis, Missouri, without any legal warrant, franchise, charter or grant.'

"In the return to show cause respondents disclaim that the Lewin Hernia Cure Company has claimed or does claim the right or privilege of engaging in the practice of medicine, but that said company claims the right of engaging in the business of contracting for the prac-

tice of medicine. It is alleged therein that the respondents were duly incorporated under the laws of the State of Missouri, and particularly, article 9, of chapter 12, of the Revised Statutes of 1899, in due form as therein prescribed, and that the charter specifically empowers the said corporation in the following:

" 'The company is formed for the purpose of furnishing treatment for hernia and medical and surgical treatment for all other diseases, accidents and deformities.'

"Other allegations appear in the return to the effect that W. A. Lewin, a duly licensed physician, having discovered a formula for the treatment of hernia, organized the Lewin Hernia Cure Company, for the purpose of perpetuating same and that he entered into a contract with the company to serve as manager thereof 'and during that time to personally treat all persons who employed said company to furnish treatment for the cure of hernia,' etc.

"Thereupon appellant filed a reply to said return, admitting the execution of the articles of incorporation, their recordation, all in due form, but denying each and every other allegation in said respondents' return contained. To this the respondents filed a motion for judgment on the pleadings. During the trial of the cause, counsel for respondents specifically conceded that it would have been an illegal grant of corporate privileges had the charter authorized respondents to engage in the practice of medicine, but admitting this proposition, they urged that under the terms of the charter the Lewin Hernia Cure Company in having been granted the right to 'furnish treatment' for diseases was given the privilege not of engaging in the practice of medicine but in the business of contracting for the practice of medicine in providing medical treatment, through licensed physicians in its employ, to those who might apply to the company."

The court sustained the motion for judgment on the pleadings and rendered judgment for respondents, from which the State appealed.

It is conceded by respondents, that a corporation cannot be organized to practice medicine in this State. Appellant's contention is that the corporation is indirectly practicing medicine, as shown by the return, in this, that Dr. W. A. Lewin, who owns ninety-eight of the one hundred shares of the capital stock of the corporation, is its superintendent and is employed by it to practice medicine. The power granted by the charter is that "of furnishing treatment for hernia and medical and surgical treatment for all other diseases, accidents and deformities." It is stated in the return that Dr. W. A. Lewin "had discovered a method of curing hernia quickly and permanently without the necessity of using the knife or other surgical instruments therefor, and had also discovered a certain liquid or fluid to be injected into the affected parts for treating and curing the same," and that one of the purposes of the incorporators was to perpetuate these secrets in the corporation. The return shows that Dr. W. A. Lewin is the general manager of the corporation and is employed by it as physician to treat patients who may contract with said corporation for treatment of hernia or other diseases. Appellant contends that power granted the corporation to furnish medical treatment, means that it may practice medicine through its human agencies. Respondents' contention is that the power granted the corporation is only contractual, that is, it is only authorized to furnish regularly licensed physicians to treat parties who may apply for treatment. These contentions can only be settled by a proper judicial construction of the term "furnish," as used in the charter of the corporation. Webster defines the term to mean, "To supply with anything necessary, useful or appropriate; to provide, to equip; to fit out, or fit up. . . . To offer for use; to provide

(something) ; to give (something), as, to furnish food
to the hungry," etc.   March, Thesaurus Dictionary, p.
434, says: "The term furnish is classified with the word
give rather than with get." If the word "furnish," as
used in respondent's charter means to give, then the
charter conferred the power on the corporation to prac-
tice medicine, and is void; and in this connection it is
contended by appellant, that the powers granted the
corporation should be most strictly construed against
it.   This is the general rule in construing grants by the
state to private corporations. There is, however, another
rule of construction that should play a part in this con-
nection, that is, that where a grant from the state or
from a private person is susceptible of two constructions,
one of which would render the grant void and the other
make it legal and enforcible, the latter should be adopted,
for neither the state nor a private person should, in the
making of contracts, be convicted of doing a void and
useless thing; and we think the word "Furnish," as used
in the charter, should be construed to mean supply. The
corporation is not restrained by its charter from enter-
ing into contracts with persons to supply medical treat-
ment, nor from entering into contracts with physicians
to render medical and surgical services and has, in this
respect, the same right to contract as a private individ-
ual.   [King v. Phoenix Ins. Co., 195 Mo. l. c. 304, 92 S.
W. 892, and cases cited.]   In all the larger cities, and
connected with most of the medical colleges in the coun-
try, hospitals are maintained by private corporations,
incorporated for the purpose of furnishing medical and
surgical treatment to the sick and wounded.   These cor-
porations do not practice medicine but they receive pa-
tients and employ physicians and surgeons to give them
treatment.   No one has ever charged that these corpor-
ations were practicing medicine.   The respondents are
chartered to do, in the main, what these hospitals are
doing every day, that is, contracting with persons for

medical treatment and contracting with physicians to furnish treatment, and the fact that Dr. W. A. Lewin is the principal stockholder and the manager of respondent corporation, and is employed by it to furnish medical and surgical treatment to patients who may contract with it for such treatment does not alter the legal status of the corporation or show it has violated the terms of its charter. The corporation expressly disclaims the right to practice medicine, and we conclude it has a right to do what the return states it is doing, and affirm the judgment. All concur.