STATE ex rel. S.EEBERT JONES, Circuit Attorney, Defendant in Error, v. MODERN HORSESHOE CLUB, Plaintiff in Error.

### St. Louis Court of Appeals, October 8, 1912.

**QUO WARRANTO:** Action against Benevolent Association: Right of Circuit Attorney to Sue: No Private Complaint Filed. Sec. 3444, R. S. 1909, does not limit the authority of a circuit or prosecuting attorney to institute *quo warranto* proceedings against a corporation orgánized under Art. 10 of Ch. 33, R. S. 1909, to cases where "complaint has been made to him in writing by a credible person upon affidavit or information and belief," but such attorney has authority to institute such proceedings on his own motion.

Error to St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Thos. J. Rowe, Jr.,* and *Henry Rowe* for plaintiff in error.

(1) The circuit court of the city of St. Louis had no jurisdiction to issue the writ of *quo warranto* because no information was filed therein in accordance with the terms and provisions of Sec. 3444 R. S. of the State of Missouri. (2) The circuit attorney of the city of St. Louis could not proceed at his own relation against the plaintiff in error, Modern Horseshoe Club. It is only when some credible person has in writing made complaint to him upon affidavit of information and belief that he has the right to institute *quo warranto* proceedings against corporations such as plaintiff in error. Sec. 3444, R. S. 1909; Tyree v. Bingham, 100 Mo. 451. (3) The circuit court had no jurisdiction to render the judgment herein upon the information as filed by the circuit attorney of the city of St. Louis.

*Seebert G. Jones,* Circuit Attorney, *Forrest G. Ferris,* Asst. Circuit Attorney, for defendant in error.

(1) It is the common law rule that the right to file an information in the nature of *quo warranto* belongs to the State. The institution of the action for the redress of injuries to the public right is a matter within the discretion of the attorney general or circuit attorney, and when the circuit attorney acts *ex officio* in such case, the State is acting directly through him. 32 Cyc. 1432, 1441; High's Extraordinary Legal Remedies (3 Ed.), secs. 697, 698; 2 Spelling on Injunctions, etc. (2 Ed.), secs. 1804, 1834, 1835; State ex rel. v. Lamb, 141 S. W. (Mo.) 665. (2) The circuit court has jurisdiction of an *ex officio* information in the nature of a *quo warranto.* State ex rel. v. Miller, 1 Mo. App. 48; State ex rel. v. Rose, 84 Mo. 198; State ex rel. v. Jenkins, 25 Mo. App. 484; State ex rel. v. Frazier, 98 Mo. 426; State ex rel. v. Gravel Road, 37 Mo. App. 496; State ex rel. v. Railroad, 48 Mo. 468; State ex inf. v. Washburn, 167 Mo. 680. (3) Because the statute makes it imperative on the circuit attorney, under certain circumstances, to exhibit in the circuit court an information *ex relatione,* does not make it follow that he cannot do so *ex officio.* The statute was not intended to limit the power of the circuit attorney or the jurisdiction of the circuit court in this matter. State ex rel. v. Miller, 1 Mo. App. 48; State ex rel. v. McMillan, 108 Mo. 157; State ex rel. v. Rose, 84 Mo. 198; High's Extraordinary Legal Remedies, (3 Ed.), sec. 700; State ex rel. v. Equitable, 142 Mo. 337; State ex rel. v. Lamb, 141 S. W. (Mo.) 665.

CAULFIELD, J.—This case was brought from the circuit court of the city of St. Louis by writ of error issued by the Supreme Court and has been transferred to this court.

The circuit attorney of the city of St. Louis, acting officially, filed an information in the nature of a *quo*

*warranto* in the circuit court of said city against the plaintiff in error, Modern Horseshoe Club, a corporation organized for educational purposes under the Statutes of Missouri in relation to benevolent, etc., associations, now known as article 10, of chapter 33 of the Revised Statutes of 1909. The grounds for forfeiture charged in the information are, in general, that plaintiff in error failed to exercise in good faith the powers conferred upon it by its corporate charter, perverted and misused its corporate authority, and unlawfully assumed and usurped franchises and privileges not granted to it. Upon the face of the information it appears that in instituting the proceeding, the circuit attorney acted *ex officio,* without a relator, and without the written complaint of any credible person. The writ having issued, as prayed, and the plaintiff in error having made its return or answer, the case was tried, and the circuit court, finding for the informant, entered judgment against the plaintiff in error, forfeiting its charter, etc.

The only contentions of plaintiff in error are, that the circuit attorney had no authority to institute the proceeding without some credible person having in writing made complaint to him, etc., and that the circuit court has no jurisdiction of such a proceeding where the circuit attorney acts *ex officio* without a third person as relator. Both of these contentions are based on the supposed effect of section 3444 of the Revised Statutes of Missouri, 1909, which relates to corporations of the class to which plaintiff in error belongs. That section declares it to "be the duty of the Attorney-General, or circuit or prosecuting attorney of the proper circuit or county, whenever any credible person shall, in writing, make complaint to him upon affidavit of information and belief," etc., "to inquire diligently into the grounds of such complaint, and upon reasonable cause shown therefor, to institute proceedings by information in the nature of a *quo warranto,*

looking to a dissolution of such corporation and a forfeiture of its corporate rights." It also provides, that the circuit court of the city or county where the corporation is located shall, upon such a proceeding being instituted "by the Attorney-General or circuit attorney, at the relation of any person desiring to prosecute the same, inquire into any alleged unlawful acts of or misuser or nonuser of its franchise by such corporation, in like manner as is or may be provided by law for proceedings in case of the alleged usurpation of or intrusion into any public office by any person." The theory urged upon us is, that this section operates as a limitation upon the authority of the circuit attorney to institute a proceeding by *quo warranto*. The same contentions based upon the same theory as to the effect of a substantially similar statute (Sec. 2631, R. S. 1909) have been overruled by our Supreme Court and by this court. [State ex rel. Boyd v. Rose, 84 Mo. 198; State ex rel. Brown v. McMillan, 108 Mo. 153, 18 S. W. 784; State v. Lamb, 237 Mo. 437, 141 S. W. 665, l. c. 669; State ex rel. v. Miller, 1 Mo. App. 48.] We refer to the separate opinions of GANTT and BAKEWELL, judges, in the last cited case (1 Mo. App. l. c. 67 and 82) for the reason underlying those decisions. On the authority of those cases the judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.