BAIRD *v.* DETROIT ELECTION COMMISSION.

1. JUDGES—COMMON PLEAS COURT—NONPARTISAN ELECTION—CONSTITUTIONAL LAW.

The constitutional provision for nonpartisan election of justices of the Supreme Court, judges of the circuit and probate courts and all county judicial offices provided for by the legislature and requiring that ballots show which of the candidates for such offices are incumbents thereof does not apply to the office of judge of the common pleas court of a city since such office is not a county judicial office (Const. 1908, art. 7, § 23, as added in 1939).

2. ELECTIONS—JUDGES—COMMON PLEAS COURT—DESIGNATION OF INCUMBENCY ON BALLOT.

Under statute providing for office of judge of common pleas court of a city and stating that an incumbent candidate for re-election may have the designation ''common pleas judge'' printed below his name on ballot, a judge who is an in-

cumbent by virtue of an appointment and not a previous election would not be entitled to have such designation so printed since he is not up for re-election (3 Comp. Laws 1929, § 16370, as amended by Act No. 158, Pub. Acts 1939).

3. STATUTES—CONSTRUCTION—AMBIGUITY.

Where the language of a statute is plain and unambiguous as it reads, the courts are not authorized to change its meaning by substituting another word for the one the legislature used.

4. SAME—CONSTRUCTION OF STATUTES.

It is a cardinal rule of statutory construction that every clause and every word in an act is presumed to have some force and meaning and no part should be rendered nugatory.

5. SAME—CONSTRUCTION—REELECTION—ELECTION.

In statute relating to office of judge of the court of common pleas of a city to which office constitutional provision requiring that printed ballot show incumbency, if any, in such office of candidates for election thereto was inapplicable, where statute itself confined permission to use such designation to incumbents seeking re-election, the term "re-election" will not be construed to include the "election" of one whose incumbency was by virtue of an appointment (Const. 1908, art. 7, § 23, as added in 1939; 3 Comp. Laws 1929, § 16370, as amended by Act No. 158, Pub. Acts 1939).

6. COURTS—PRECEDENTS—VARIANT CIRCUMSTANCES.

The action of the Supreme Court under a given set of circumstances does not constitute a precedent for future action where the circumstances present are either different or the same elements in the situation vary materially in their relation one to the other.

7. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—APPLICABILITY OF PROVISION OF CONSTITUTION.

No costs are allowed in mandamus proceeding which involves the construction of a statute and determination of applicability of provision of Constitution to election of judges of the court of common pleas, a public question being involved (Const. 1908, art. 7, § 23, as added in 1939; 3 Comp. Laws 1929, § 16370, as amended by Act No. 158, Pub. Acts 1939).

Mandamus by Andrew C. Baird and others against John J. Maher and others constituting the Election Commission of the City of Detroit to prevent the

placing of the designation "Common Pleas Judge" under names of certain candidates. Submitted March 3, 1947. (Calendar No. 43,686.) Writ granted March 5, 1947.

*Stanley E. Beattie,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, and *James R. Walsh,* Assistant Corporation Counsel, for defendants.

*Harry F. Kelly,* for E. N. Karay.

*George T. Cartwright, in pro. per.*

PER CURIAM. We issued an order directing the defendant election commission to show cause why a writ of mandamus should not be issued directing the defendant commission to refrain from placing the designation "common pleas judge" under the names of George T. Cartwright and Emmanuel N. Karay as candidates for said office, on the ballots to be used at the biennial spring election in Detroit, April 7, 1947. Return has been made and arguments heard in open court.

Plaintiffs are duly nominated candidates for the office of judge of the common pleas court of the city of Detroit, to be voted on at said election. They are not present incumbents in said office. George T. Cartwright and Emmanuel N. Karay are also duly nominated candidates for said office, to be voted on at said election. They are present incumbents by virtue of appointment by the governor, and now seek election by ballot for the first time, to continue in office by virtue of election.

Plaintiffs insist that Cartwright and Karay are not entitled to have the designation "common pleas

judge" printed on the ballots to be used at said election in connection with their names. Plaintiffs demanded of the defendant election commission that such designation be omitted, which demand was refused. The present proceeding is to compel the defendant commission to refrain from printing such designation of office on the ballot under the names of Cartwright and Karay. Imminence of the impending election and the short period of time for printing and distributing the ballots requires a prompt decision.

At the outset it is obvious that the constitutional provision for nonpartisan election of judges and judicial officers does not apply. It refers to "justices of the Supreme Court, judges of the circuit court, judges of probate courts and all county judicial officers provided for by the legislature under section 21 of article 7 of the Constitution." Mich. Const. (1908), art. 7, § 23, adopted April 3, 1939. The common pleas court is a municipal court of the city of Detroit and its judges are not county judicial officers within the inclusion of said constitutional amendment. Said common pleas court comes into being by virtue of Act No. 260, Pub. Acts 1929, and amendments thereto * which provide:

"In any city which now has a population of over 250,000 inhabitants, the several courts of the justices of the peace of such city, as established and operated under the provisions of any general statute, local or special act, or the provisions of the charter of any such city, are hereby consolidated into one court, which shall be known as the common pleas court of such city."

---

* See 3 Comp. Laws 1929, § 16369 *et seq.* (Comp. Laws Supp. 1940, 1945, § 16369 *et seq.*, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 27.3651 *et seq.*).—REPORTER.

Cartwright and Karay were appointed by the governor February 1, 1945, and February 27, 1946, respectively, by virtue of a provision in section 2 of said act (3 Comp. Laws 1929, § 16370, as amended by Act No. 158, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16370, Stat. Ann. 1946 Cum. Supp. § 27.3652]), as follows:

"Whenever a vacancy shall occur in the office of any judge of said court by death, resignation, removal from office or from any other cause, such vacancy shall be filled by appointment by the governor. Each judge so appointed shall assume office immediately following his appointment and shall hold the same until his successor has been elected and has qualified. Successors to any judge or judges so appointed by the governor shall be nominated and elected at the next biennial spring election held in such city following such appointment and such successors shall hold office until the expiration of the term to which such judge or judges shall have been elected."

If Cartwright and Karay have any right to the designation "common pleas judge" under their names on the ballot, it must be as the result of some provision in the above act. The only provision which can be said to apply is in section 2, which governs the appointment and election of common pleas judges, and reads as follows:

"*Provided,* That an incumbent *who is a candidate for reelection,* may, upon his request in writing have printed below his name the designation, 'common pleas judge'."

Cartwright and Karay are incumbents, but are not "candidates for reelection." That each is "an incumbent who is a candidate" is beyond dispute. The legislature has put into the act "an incumbent

who is a candidate for *reelection.*'' It might well have said ''a candidate to succeed himself,'' or ''a candidate for *election,*'' or ''a candidate at the next election,'' or merely ''a candidate.'' But ''for *reelection*,'' as used in said proviso, has a definite and plain meaning. There was no such provision (for any designation on the ballot) prior to the amendment of the act by Act No. 158, Pub. Acts 1939. The proviso, ''That an incumbent who is a candidate for reelection, may, upon his request in writing have printed below his name the designation, 'common pleas judge','' is the only change in section 2 of the act made by said amendment. Under the circumstances, we cannot conclude that the legislature meant ''for election'' where it said ''for reelection.''

''We cannot assume the legislature made a mistake and used one word when it in fact intended to use another. The language of the statute is plain as it reads and we do not feel authorized to change its meaning by substituting another word for the one the legislature used.'' *People* v. *Crucible Steel Co. of America,* 150 Mich. 563, 567.

It is a cardinal rule of statutory construction that every clause and every word in an act is presumed to have some force and meaning and no part should be rendered nugatory. *United Insurance Co.* v. *Attorney General,* 300 Mich. 200. There is merit in plaintiffs' claim that the legislature meant what it said in the act. As to judicial offices included in the constitutional amendment referred to herein, obviously the provision for designating a present incumbent as such can be changed only by a change in the Constitution. But the legislature might well have deliberately intended that the right to such designation on the ballot in electing a judge of the common pleas court should be limited to such incumbents as had already been once elected by the

voters, and not permitted for those who were filling the office by appointment by the governor for the comparatively shorter period of time between appointment and the next ensuing biennial spring election.

Plaintiffs do not challenge the right of *elected* incumbents in the common pleas court, to the designation in the event they become candidates for reelection. We conclude that the question now before us is limited in application to incumbents in the office by appointment only, who have been nominated for the first time as candidates to succeed themselves, and hence are for the first time candidates to be voted on at the next ensuing city election for said office.

Counsel have referred to cases which hold that appointment, election or reelection to an office are to be considered as meaning the same thing in effect. It is true that there are circumstances under which the result is the same regardless of the word used. For example, see *Kopczynski* v. *Schriver,* 194 Mich. 553; *Peck* v. *Berrien County Board of Supervisors,* 102 Mich. 346; *McPherson* v. *Blacker* (Mich.), 146 U. S. 1 (13 Sup. Ct. 3, 36 L. Ed. 869); *Fyfe* v. *Kent County Clerk,* 149 Mich. 349; *Murtha* v. *Lindsay,* 187 Mich. 79. But such decisions lose force when considered in construing the plain language of the proviso in section 2 of the common pleas court act hereinbefore quoted. Counsel also refer to the action taken by this Court under a similar question raised with reference to the election of judges of the recorder's court of Detroit. But in that matter the circuit court in Wayne county had denied a temporary injunction to restrain the use of the designation of office in the ensuing election of judges of that court and an application was made to this Court for leave to appeal from the order denying such temporary injunction. When it appeared to this Court to

be obvious that due to the limited time before the election, if we granted leave to appeal it would be impossible to perfect the appeal, hear the matter and render decision before the printing of ballots for the said election, and that the question on appeal would become moot unless the Court enjoined the holding of said city election, we declined to do so and declined to allow the appeal. This action was taken without opinion and without passing on the merits of the case. That action does not constitute any precedent for decision in the instant case under the circumstances now presented. There still is at this date ample time to comply with our conclusion herein without delaying the election. Counsel also refer to recent action taken by a circuit judge in Wayne county in refusing to enjoin the use of the designation under the names of appointees to the office of judge of the common pleas court, on ballots used in the recent primary election to nominate candidates for said office. Such decision has no controlling effect in the instant matter, and in passing it is proper to note that the proviso in section 2 of the common pleas court act does not refer to candidates for nomination. One cannot become a candidate for reelection, under this proviso, until after he has been duly nominated as a candidate for such reelection.

Any change in said proviso in section 2 of the common pleas court act must come from legislation and not by judicial fiat. We conclude that Cartwright and Karay are not entitled to such designation on the election ballot. The writ may issue, but without costs as a public question is involved.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred. CARR, C. J., did not sit.