PEOPLE, *ex rel.* WAYNE PROSECUTING ATTORNEY, *v.* SOCIETY OF GOOD NEIGHBORS.

1. QUO WARRANTO—CORPORATIONS—STATUTES.
   The right to prosecute a quo warranto proceeding to determine a corporation's right to function is purely statutory (CL 1948, § 638.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur, Corporations, § 62; 44 Am Jur, Quo Warranto, § 41.
[2] 14 Am Jur, Courts, §§ 72, 79, 83.
[3, 5] 44 Am Jur, Quo Warranto, §§ 66, 67.
[4] 50 Am Jur, Statutes, § 358.

2. COURTS—SUPREME COURT—OPINIONS—DICTA.
   Supreme Court's statement that a prosecuting attorney might institute a quo warranto proceeding was dicta where in such case the attorney general had instituted and prosecuted proceeding involved in the case where such statement was made.

3. QUO WARRANTO—PROSECUTING ATTORNEY.
   The prosecuting attorney of the proper county is authorized by statute to institute and prosecute quo warranto proceedings to determine the right of a corporation to continue functioning (CL 1948, § 638.1 *et seq.*).

4. STATUTES—EFFECT GIVEN TO EVERY PERTINENT PROVISION.
   Every pertinent provision of a relevant statute should be given effect when it is possible to do so.

5. PROSECUTING ATTORNEY—SUPREME COURT—QUO WARRANTO—CORPORATIONS—ATTORNEY GENERAL.
   Contention that prosecuting attorney may not appear in the Supreme Court on appeal in quo warranto proceedings against a corporation *held,* without merit, it appearing that the attorney general has entered an appearance herein in the Supreme Court (CL 1948, §§ 14.28, 49.153, 638.1 *et seq.*).

6. QUO WARRANTO—REMAND—PLEADINGS—PROSECUTING ATTORNEY.
   Defendant corporation is allowed 15 days in which to plead to information in nature of quo warranto upon remand to circuit court which had erroneously granted motion to dismiss information filed by prosecuting attorney (CL 1948, § 638.1 *et seq.*).

Appeal from Wayne; Murphy (George B.), J. Submitted April 11, 1950. (Docket No. 37, Calendar No. 44,512.) Decided May 18, 1950.

Information in nature of quo warranto by Gerald K. O'Brien, Wayne Prosecuting Attorney, against Society of Good Neighbors, a Michigan nonprofit corporation, to exclude defendant from corporate privileges and to dissolve it. Judgment for defendant on motion to dismiss. Plaintiff appeals. Reversed and remanded.

*Stephen J. Roth,* Attorney General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Arthur L. Rob-*

*bins* and *Philip A. McHugh,* Assistant Prosecuting Attorneys, for plaintiff.

*Davidow & Davidow,* for defendant.

North, J. The defendant and appellee in this case is a nonprofit eleemosynary corporation. Its situs and principal place of operation is Wayne county. The prosecuting attorney of Wayne county instituted in the circuit court of that county a quo warranto proceedings in which he seeks "that judgment be rendered that such corporation be ousted and altogether excluded from such corporate rights, privileges and franchises and that the said corporation be dissolved." In brief, the prosecuting attorney in the information in the nature of quo warranto charges that defendant has been exercising a privilege or carrying on a business which by law and under its corporate franchise it was not authorized to do. More specifically, it is alleged that the president of the corporation, Morrison T. Wade, has converted the funds and property of the corporation to himself and his wife and "that the funds and property of the corporation have not been acquired, held, and disposed of as provided by the said act,* or as provided by the purposes of the organization as set out in the articles of incorporation; but on the contrary there has been misapplication and misuse of the money and property belonging to the Society of Good Neighbors and held in trust for the purposes set forth in the articles of incorporation."

The defendant corporation, appearing specially, made a motion to dismiss. The material grounds urged in support of this motion were that the prose-

---

* PA 1931, No 327, § 117, as amended by PA 1947, No 58, §§ 125, 126 (CL 1948, §§ 450.117, 450.125, 450.126 [Stat Ann 1949 Cum Supp § 21.118; Stat Ann §§ 21.126, 21.127]).

cuting attorney of Wayne county had no authority to institute this quo warranto proceedings, the attorney general of the State being "the only State officer who may question the acts of a corporation;" and that the statutory authority of the prosecuting attorney to institute and prosecute quo warranto proceedings "does not include actions as in the case at bar."

Having heard defendant's motion, the circuit judge entered an order dismissing this quo warranto proceeding.   The prosecuting attorney has appealed, leave having been granted.   This appeal presents a statutory question since the right to prosecute a quo warranto proceeding of this character is purely statutory.   The pertinent statutory law is embodied in chapter 38 of the judicature act.   That chapter is entitled:  "Of Informations in the Nature of a Quo Warranto, and in Certain Other Cases."   (See CL 1948, § 638.1 *et seq.* [Stat Ann § 27.2315 *et seq.*].) Section 1 of the chapter provides for filing an information in the nature of a quo warranto in the Supreme Court by the attorney general in the following cases:

"1.  When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this State; or any office in any corporation created by the authority of this State;

"2.  Whenever any public officer, civil or military, shall have done or suffered any act which, by the provisions of law, shall work a forfeiture of his office;

"3.  When any association, or number of persons shall act as a corporation within this State, without being legally incorporated."

Section 13 of the chapter in part provides as follows:

"An information in the nature of a quo warranto may also be filed by the attorney general, upon his own relation, or upon the relation of any private party, on leave granted, against any corporate body, whenever such corporation shall:

"1. Offend against any of the provisions of the act or acts, creating, offering, or renewing such corporation; or   *   *   *

"5. Whenever it shall exercise any franchise or privilege not conferred upon it by law." CL 1948, § 638.13 (Stat Ann § 27.2327).

A later section in chapter 38 (section 26) provides that: "An information in the nature of a quo warranto may be filed in the several circuit courts of this State, as well as in the Supreme Court, and all of the provisions of this chapter shall be applicable to such proceedings in such circuit courts, and all powers conferred upon the several judges of the Supreme Court by this chapter are hereby conferred upon the judges of the several circuit courts respectively: Provided, That no such information shall be filed and allowed by any such circuit court against any judge of the Supreme Court or any State officer." CL 1948, § 638.26 (Stat Ann § 27.2340). The next section of the statute (section 27) provides: "Informations under this chapter may be filed by the prosecuting attorney of the proper county, on his own relation, or that of any citizen of the county, without leave of the court, or, by any citizen of the county by special leave of the court or a judge thereof." CL 1948, § 638.27 (Stat Ann § 27.2341).

As hereinbefore indicated, the sole question presented on this appeal is agreed upon by the parties as follows:

"Has the prosecuting attorney concurrent power with the attorney general to file and prosecute an information in the nature of quo warranto, in the circuit court of his county, for the purpose of for-

feiting the charter of a domestic corporation, for (alleged) acts of misuse and abuse of its corporate privileges and franchises?"

In its brief appellee's contention is stated as follows:

"While the section (27 above quoted) of the statute relied upon by the relator appears to give the prosecuting attorney the right to file an information in the nature of a quo warranto proceeding in all cases, it is defendant's contention that the subsequent sections of the statute and adjudicated cases clearly indicate that the right conferred was that to try title to office and did not include the right to proceed against a private corporation."

While we do not find a former decision of this Court which has squarely adjudicated the above issue, we note that in *Attorney General, ex rel. Wolverine Fish Company,* v. *A. Booth & Co.,* 143 Mich 89, 99, Justice Hooker, who wrote for the Court, said:

"In our opinion section 2 (PA 1899, No 255 [CL 1948, § 445.702 (Stat Ann § 28.32)]) should be interpreted to mean that a suit or a quo warranto proceeding may be instituted in the circuit court by either the attorney general or prosecuting attorney, and 'when' (*i.e.,* if) a quo warranto shall be determined upon, it is optional with the attorney general to commence it in the Supreme Court."

However it seems clear that in saying "a quo warranto proceeding may be instituted in the circuit court by either the attorney general *or prosecuting attorney,*" the statement was dicta, because the case was in fact instituted by and prosecuted by the attorney general, not by a prosecuting attorney.

But from our reading of the statutory provisions, to some of which reference has hereinbefore been made, we are convinced that by the enactment of

section 27 of chapter 38 of the judicature act, above quoted, the legislature expressly empowered the prosecuting attorney of the proper county to institute and prosecute quo warranto proceedings of the character involved in the instant case. When, as in the instant case, it is possible so to do, every pertinent provision of the relevant statute must be given effect. *Baird* v. *Detroit Election Commission*, 316 Mich 657. It follows that the order of the circuit judge dismissing the instant quo warranto proceedings was erroneous.

Appellee in its brief asserts that the "prosecuting attorney has no authority to appear in the instant case before this Court," and says "there is no provision in Michigan statutes for the prosecuting attorney to take the appeal to this Court and appeal in this Court in matters involving the people of the State of Michigan." In this connection appellee cites the following statutes:

"The attorney general shall prosecute and defend all actions in the Supreme Court, in which the State shall be interested, or a party." CL 1948, § 14.28 (Stat Ann § 3.181).

"The prosecuting attorneys shall, in their respective counties, appear for the State or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal, in which the State or county may be a party or interested." CL 1948, § 49.153 (Stat Ann § 5.751).

In the instant case, at least, there is no merit to this contention since in conjunction with the prosecuting attorney the attorney general has entered an appearance herein in this Court.

The order of the circuit judge granting defendant's motion to dismiss will be vacated, and the case remanded to the circuit court for further proceedings

therein.  Defendant may have 15 days from the date of filing this opinion within which to plead to the information in the nature of quo warranto filed by the prosecuting attorney.  Plaintiff may tax costs of this appeal against defendant.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.