The judgment appealed from must be affirmed. It is so ordered.

All concur.

STATE ex rel. SCHNEIDER'S CREDIT JEWELERS, Inc., Relator,

v.

Amandus BRACKMAN, Judge of the Circuit Court, County of St. Louis, Division No. 3, Respondent.

No. 44111.

Supreme Court of Missouri.

En Banc.

Sept. 13, 1954.

Rehearing Denied Nov. 8, 1954.

Meyer Blocher, St. Louis, Kerth & Schreiber, Clayton, for relator. Joseph Nessenfeld, St. Louis, of counsel.

Albert E. Schoenbeck, St. Louis, for respondent.

CAVE, Presiding Judge.

This is an original action in prohibition, filed in the St. Louis Court of Appeals, wherein relator seeks to prohibit the respondent, Judge of the Circuit Court of St. Louis County, from further exercising jurisdiction in a quo warranto proceeding brought against relator in that court.

The St. Louis Court of Appeals, in an opinion reported in 260 S.W.2d 800, quashed its preliminary rule in part and made it

absolute in part. Thereafter, upon timely motion of the relator, we ordered the cause transferred to this Court, and we will consider the matter as if the proceeding had been brought directly in this Court. Article V, § 10 of the V.A.M.S. Constitution.

An information in the nature of quo warranto was filed in the Circuit Court of St. Louis County by Stanley Wallach, Prosecuting Attorney of that county, in the name of the State, and at the relation of the members of the Missouri State Board of Optometry, and four practicing optometrists, as individuals and as representatives of other optometrists similarly situated, against respondent Schneider's Credit Jewelers, Inc., a corporation, hereinafter referred to as Schneider's.

The information alleged that it was "filed by the State of Missouri, by Stanley Wallach, the Prosecuting Attorney of St. Louis County, as petitioner", and the members of the State Board of Optometry and four licensed practitioners of optometry, as individuals and as representatives of other optometrists similarly situated, as relators, and was exhibited and prosecuted pursuant to Section 531.010 et seq., RSMo 1949, V.A. M.S.; that Schneider's is a corporation organized under the laws of Missouri and is doing business in St. Louis County and in the City of St. Louis in said state; that Chapter 336, RSMo 1949, V.A.M.S., makes it unlawful for any person to practice optometry in this state without a certificate of registration as a registered optometrist issued by the State Board of Optometry, and further makes it unlawful for any person, firm or corporation to engage in the practice of optometry, either by and through agents and employees who are not registered optometrists or by and through agents and employees who are registered optometrists; that Schneider's has been and is guilty of usurping and exercising privileges, franchises, rights, powers and authorities not granted by the state to it or permitted by the law of the state, in that it has been since January 1, 1951, and now is, wrongfully and illegally engaging in the practice of optometry by and through agents and employees who are not registered optometrists and by and through agents and employees who are registered optometrists; (the details of such violations we need not recite;) that it is the duty of the Board of Optometry to grant certificates of registration to such persons as may be entitled to practice optometry, and to prevent, stop and prohibit the unauthorized practice of optometry in the state by those not having such certificates of registration, and by reason of such obligation and duty the said board has the requisite and special interest in the premises to join as a relator in this proceeding to prevent and prohibit the wrongful and unlawful practice of optometry by Schneider's; that the four individual relators are engaged in the practice of optometry in St. Louis County and in the City of St. Louis and within the immediate vicinity of one or more of the locations at which Schneider's is adversely affecting, impairing, harming, damaging and destroying the professional practice, reputation and livelihood of said four individual relators and others similarly situated, and for this reason they have the requisite and special interest to join as relators in this information. The prayer of the petition reads: "Wherefore, the State of Missouri and relators pray for a forfeiture of the corporate charter of the respondent, for an order forbidding respondent, its agents and employees, to engage or attempt to engage in the practice of optometry in Missouri, and particularly at the aforesaid locations in St. Louis County and the City of St. Louis, either by and through agents and employees who are not registered optometrists or by and through agents and employees who are registered optometrists, for an order forbidding respondent, its agents and employees to engage in misleading, false and unlawful advertising of optometric services in said county, city and state, and for such other and further orders as to the court may seem meet and proper."

In due time, Schneider's filed its motion to dismiss the information, setting up as grounds therefor the following: (1) improper venue, in that the corporation has its principal office and its registered agents

in the City of St. Louis; (2) want of jurisdiction to render a judgment of ouster at the suit of the prosecuting attorney of St. Louis County, because the corporation is authorized to transact business throughout the State of Missouri, and only the attorney general has the legal capacity to bring an action of quo warranto for ouster of a corporate franchise; (3) lack of special interest in the subject matter of the proceeding on the part of the relators in the quo warranto proceeding; and (4) failure of the information to state a claim upon which relief can be granted. The motion to dismiss was overruled by Honorable Amandus Brackman, Judge of the Circuit Court of St. Louis County, and the petition in prohibition was filed in the St. Louis Court of Appeals.

The petition in prohibition challenges the jurisdiction of Judge Brackman to hear and determine the information in quo warranto for the reasons assigned in the motion to dismiss. The respondent, judge, in his return denies that he is without jurisdiction, and contends that the prosecuting attorney of St. Louis County has the legal capacity and authority under Section 531.010 to commence the instant quo warranto proceeding; that the relators therein are proper relators because they have a special interest in preventing the unauthorized practice of optometry which is peculiar to them as distinguished from that of the general public; and that the venue was proper because the offense charged against the company was committed in St. Louis County, in which the company has an office for the transaction of business. Schneider's filed its motion for judgment on the pleadings.

The parties stipulated that Schneider's is a Missouri corporation organized under the provisions of the law governing the organization of business and manufacturing companies, and has its principal office in the City of St. Louis, which is also the location of its registered office; that its charter permits it to do business throughout the State of Missouri, and that at the time of the filing of the quo warranto action it was actually doing business in the City of St. Louis and the County of St. Louis, with several places of business in both said city and county.

The basic question for decision is whether the Circuit Court of St. Louis County had jurisdiction to try the quo warranto proceeding filed by the prosecuting attorney.

We first inquire, what is the "subject matter" put in issue by the information. Schneider's contends that the object and purpose of the information is to forfeit its corporate charter and franchise because of certain alleged violations of certain statutes and its charter powers. Respondent contends that the subject of inquiry is whether the corporation has been guilty of acts which constitute the unlicensed and unauthorized practice of optometry.

When the fundamental purpose of a quo warranto proceeding is considered, we think the primary question or subject of inquiry is whether some person or corporation has usurped, intruded into or is unlawfully holding or executing any office or *franchise*. Section 531.010. In its broadest sense quo warranto is a proceeding to determine the right to the use or exercise of a *franchise* or office and to oust the holder from its enjoyment, if his claim is not well founded, or if he has forfeited his right to enjoy the privilege. 74 C.J.S., Quo Warranto, § 1, p. 174.

In State ex inf. McKittrick, Atty. General v. Murphy, 148 S.W.2d 527, at page 530, this court said: "A franchise has been defined as 'A special privilege conferred by government on individuals, and which does not belong to the citizens of the country generally by common right'; * * * that in the case of a private corporation quo warranto will lie where the company has abused or failed for a long time to exercise its franchise. * * * The corporation which held its power and privilege as a trust from the sovereign immediately loses its franchise when it violates the terms of such trust."

In State ex inf. McKittrick, Atty. Gen. v. American Insurance Co., 346 Mo. 269,

140 S.W.2d 36, at page 40, we quoted with approval this language of the United States Supreme Court: "in quo warranto against a corporation, 'the state proceeds for a violation of the company's private contract'; namely, 'the corporation's implied contract not to violate the franchise granted by the state'". And in construing that language, we said: "which means that it will comply with the general laws of the State as well as with the express conditions of the grant of the right to carry on its business as a corporation. Conduct of officers and agents of a corporation, which is criminal under the laws of the State, is both a violation of the criminal law by the individual (and in some instances also by the corporation), for which there may be prosecution by criminal information or indictment and also a violation of the implied contract of the corporation with the State for which its charter or franchise may be forfeited in quo warranto proceedings." See also State ex inf. Hadley, Atty. Gen. v. Standard Oil Co., 218 Mo. 1, 116 S.W. 902; State ex inf. Hadley, Atty. Gen. v. Delmar Jockey Club, 200 Mo. 34, 92 S.W. 185, 98 S.W. 539; and State ex inf. Gentry, Atty. Gen. v. American Can Co., 319 Mo. 456, 4 S.W.2d 448.

■ While it is true the character of judgment in quo warranto cases is largely in the discretion of the court, State ex inf. McKittrick, Atty. Gen. v. Wymore, 345 Mo. 169, 132 S.W.2d 979, this does not alter the theory upon which such proceedings are brought.

■ The ultimate question is not whether the company has violated some statute or its charter powers, but whether, *because of such alleged violation,* it has forfeited its franchise or is subject to some other disciplinary order.

This raises the question whether a prosecuting attorney of a county can file, *in the name of the state,* an information in the nature of quo warranto to forfeit the charter of a corporation *authorized to do business throughout the state,* because of some alleged violation of a statute or of its franchise privileges, which violation occurs in *his county.*

■ The settled law of this state is that a prosecuting attorney "cannot proceed in the name of the state, save and except the matters involved are matters arising within and pertaining to the jurisdiction of such prosecuting officer. In other words, they must be matters which concern the state in the limited territory over which such officer has control, or in which he has power to act. His limit is the county for which he was elected. Westhues, as prosecuting attorney of Cole county, can use the name of the state in such matters in which the state is interested within the confines of the said county of Cole. The real question is whether or not the things pleaded are matters localized to Cole county or whether the state's interest in the proceeding is one of broad expanse, and covering a matter having a state *situs* rather than a county *situs.*" State ex rel. Westhues v. Sullivan, 283 Mo. 546, 569, 224 S.W. 327, 331. See also State ex rel. Missouri Pac. Railroad v. Williams, 221 Mo. 227, 120 S.W. 740; and State ex rel. Downs, Pros. Atty. v. Kimberlin, Mo.Sup., 260 S.W.2d 552, 554, and cases there cited. It is true these cases are not quo warranto proceedings, but we think the same general rule would apply. Concerning the authority of a prosecuting attorney to proceed in the name of the state, the general rule is stated in 44 Am.Jur., Sec. 67, p. 136: "Since a county attorney is a county officer, his right to prosecute a proceeding in quo warranto is limited to the county of which he is an officer. And a county prosecuting attorney is not authorized to institute quo warranto proceedings in the name of the state against an officer of the state, neither performing nor asserting a right to perform any official duties in the county of such prosecuting attorney." This question is discussed at great length by the Supreme Court of Mississippi in Kennington-Saenger Theaters, Inc., v. State ex rel. Dist. Atty., 196 Miss. 841, 18 So.2d 483, 153 A.L.R. 883, and the holding is in accord with our rule. That was a quo warranto proceeding, by the district (prosecuting) attorney ex officio, to forfeit a

corporate charter for violation of a criminal statute, *which violation occurred in his county*. We will refer more fully to that opinion later.

However, respondent contends that even if the prosecuting attorney could not file the information ex officio, nevertheless he is authorized by Section 531.010 to file the same *at the* relation of the Board of Optometry and the named individual practitioners of optometry. The pertinent part of that section reads: "In case any person shall usurp, intrude into or unlawfully hold or execute any office or *franchise,* the attorney general of the state, *or any circuit or prosecuting attorney* of the county in which the action is commenced, shall exhibit to the circuit court, or other court having concurrent jurisdiction therewith in civil cases, an information in the nature of a quo warranto, *at the relation of any person desiring to prosecute the same"*. (Italics supplied.)

Respondent argues that this section gives a prosecuting or circuit attorney of a county *concurrent* and *equal authority* with the attorney general of the state to file quo warranto proceedings, *at the relation of a proper third person,* against a corporation which has an office in his county and has committed, in that county, some act which may properly be inquired into by quo warranto.

■ We should state that our courts have uniformly held that the clause, that an information in the nature of quo warranto may be filed "at the relation of any person desiring to prosecute the same", is not all inclusive, but that such relator must have some special interest in the subject matter of the prosecution peculiar to him, as distinguished from that of the general public; State ex rel. Pickett v. Cairns, 305 Mo. 333, 338, 265 S.W. 527; and State ex inf. Pros. Atty. v. Heffernan, 243 Mo. 442, 450, 148 S.W. 90; and that this statute does not authorize *any person* to use the name of the attorney general or the prosecuting attorney to institute a proceeding in quo warranto, but that such officer retains his official discretion in determining whether such

an information should or should not be filed. State ex inf. Dorain ex rel. Black v. Taylor, 208 Mo. 442, 445, 106 S.W. 1023.

Under our view of this case we need not discuss the question of the special interest of the named relators.

Respondent asserts that a quo warranto proceeding is a proper method of challenging a corporation's authority to practice optometry or some other state licensed profession. The cases so hold. State ex inf. McKittrick, Atty. Gen. v. Gate City Optical Co., 339 Mo. 427, 97 S.W.2d 89; State ex inf. McKittrick v. C. S. Dudley & Co., Inc., 340 Mo. 852, 102 S.W.2d 895; State ex inf. Miller v. St. Louis Union Trust Co., 335 Mo. 845, 74 S.W.2d 348. However, that does not answer the question whether a *prosecuting attorney* has equal authority with the attorney general to bring such an action in all circumstances.

In support of his contention that the prosecuting attorney can bring the proceeding now under consideration, respondent cites the following cases: Clark v. Kansas City, St. Louis & Chicago Railroad Co., 219 Mo. 524, 118 S.W. 40; State ex inf. Miller v. St. Louis Union Trust Co., supra; State ex inf. Sager v. Lewin, 128 Mo.App. 149, 106 S.W. 581; State ex inf. Jones, Cir. Att'y v. West End Light & Power Co., 246 Mo. 653, 152 S.W. 76; Modern Horseshoe Club v. State ex rel. Jones, Cir. Att'y, 167 Mo.App. 644, 150 S.W. 719; State ex inf. Norman, Pros. Atty. v. Ellis (State ex inf. Norman, Pros. Atty. v. Hall), 325 Mo. 154, 28 S.W.2d 363; State ex inf. Wallach, Pros. Atty. v. Beckman, 353 Mo. 1015, 185 S.W.2d 810; People ex rel. O'Brien, Pros. Atty. v. Society of Good Neighbors, 327 Mich. 620, 42 N.W.2d 761.

The Clark case was a tort action brought by the parents for the death of a minor child. It has no relation to the question under consideration. The St. Louis Union Trust Company case was an ex officio proceeding brought directly in the Supreme Court by the circuit attorney. The question of his authority to prosecute the action was neither raised nor decided, and the information did not ask for the forfeiture

of the charter or for any other disciplinary action. It might also be mentioned that trust companies and banks are, by force of statute, localized to the community in which they do business. In the West End Light & Power Company case, the subject of inquiry was the failure to use a franchise granted by the City of St. Louis for the use of the streets of that city, a question with local situs. The Beckman case concerned the right to hold the office of justice of the peace of St. Louis County. Whatever interest the state had in that question was localized in St. Louis County. The Modern Horseshoe Club case involved the question whether the Circuit Attorney of St. Louis could file quo warranto proceedings to forfeit the charter of a social club organized by *pro forma* decree of the circuit court of that city under what is now Chapter 352, RSMo 1949, V.A.M.S. The club, and its charter, had a local situs.

The Ellis and Hall cases, which were disposed of by one opinion, raised the question whether the parties had forfeited their respective county offices (circuit clerk and county clerk) by appointment of relatives as deputies in violation of a constitutional provision, now Section 6, Art. 7. There is language in the opinion which lends support to respondent's contention. However, when the opinion is carefully read, we do not believe it supports respondent's position. The quo warranto proceedings were filed by the prosecuting attorney ex officio directly in the Supreme Court, alleging that Ellis and Hall had forfeited their respective *county offices* by appointing relatives as deputies. Thus the subject matter under inquiry was a *county office*. All the cases hold that a prosecuting attorney may file quo warranto under such circumstances. But in discussing what is now Section 531.010, the court said [325 Mo. 154, 28 S.W.2d 365]: "That section places the prosecuting attorney in exactly the same position as the Attorney General of the state. He 'shall exhibit to the circuit court' of the county where the action is commenced, 'or other court having concurrent jurisdiction therewith in *civil cases*.' If the prosecuting attorney cannot begin such ac-

tion in the Supreme Court, then the Attorney General cannot, because the two are given exactly the same authority." The court then states that the Supreme Court and Courts of Appeal have concurrent jurisdiction with circuit courts in quo warranto and that a prosecuting attorney could file a *proper* quo warranto information directly in any of such courts. The opinion concerns a subject matter which has a *county situs,* and the quoted language had reference only to the *court* in which such an action may be commenced both by prosecuting attorney and the attorney general. The broad question of a prosecuting attorney's authority to file quo warranto was not discussed. General language in an opinion is to be restricted to the issues and facts of the case. Schupbach v. Fisler, 362 Mo. 35, 239 S.W.2d 502.

We do not believe the cited cases support the contention that a prosecuting attorney has equal and concurrent authority, with the attorney general, to file quo warranto proceedings in all circumstances. He is limited to cases which involve issues having a *local situs* in his county. And this is so whether he brings the proceedings ex officio, or at the relation of a third person.

In discussing a statute almost identical with our Section 531.010, and a set of facts which presented the same issue confronting us, the Supreme Court of Mississippi, in the Kennington-Saenger Theaters Inc. case, supra, said 18 So.2d 487: "Proceeding then to give the statute here under consideration the construction required by the cases next above cited, we must have the result that in cases of quo warranto to forfeit corporate charters or corporate rights, the Attorney General, and he only, has the right to institute such a suit when the relief prayed is to forfeit that right throughout the state, and that the District Attorney is allowed to do so only when the corporation is authorized by its charter to exercise its functions only in a certain county or judicial district of this State or where its charter powers are such that because of the essential manner of the exercise thereof, or because of exclusive physical conditions

or situations, or the like, those powers cannot be exercised except in a certain territorial location in the State, so that its ouster in that territory could not be of any real interest to other sections of the State.

"Here, however, the charter authorization is state-wide, and there are no exclusive physical or like conditions which confine the exercise of those powers to a restricted area within the State.

"* * * These examples serve at least to illustrate the obvious necessity and importance of preserving the line of demarcation, already declared by the court to exist in this State, between the power and authority of these two respective officers, leaving it to the District Attorney to proceed by quo warranto in proper cases against corporations whose right to do business is limited by the charter powers to a local territory within his district, and to proceed by quo warranto in proper cases against county and district officers, but at the same time reserving to the Attorney General, the chosen representative of the people of the entire state, the power, authority and discretion, as the state's chief legal adviser, to determine if and when it is to the best interest of the state that such a proceeding shall be instituted against any corporation to forfeit its state-wide right to do business herein, and as to whether there should be an ouster of any state officer elected by all the people, and whose removal from and continuance in office is a matter of state-wide public concern."

We believe this clearly states the Missouri rule. It follows that the prosecuting attorney of St. Louis County did not have authority to file the information in quo warranto, and that Judge Brackman should have sustained the motion to dismiss. The preliminary rule in prohibition heretofore issued by the St. Louis Court of Appeals is made absolute.

CONKLING, C. J., and HYDE, HOLLINGSWORTH, DALTON, and LEEDY, JJ., concur.

BENNICK, Sp. Judge, not sitting.

On Motion for Rehearing

PER CURIAM.

 In his motion for rehearing, respondent contends that we erred in deciding this case on the basis of the power and authority of a prosecuting attorney to file quo warranto proceedings at the relation of a third party, rather than on the basis that the State Board of Optometry has state wide jurisdiction and, as relator, was the real party in interest, consequently the prosecuting attorney could bring the proceedings on behalf of such a relator. The qualifications of a relator do not fix the powers and jurisdiction of a prosecuting attorney; that is done by statute and court decisions. It is true Section 531.010 provides that when a prosecuting attorney or the attorney general files an information in quo warranto at the relation of another, and the proceedings have commenced, he may not dismiss the information without the consent of the relator. However, that does not settle the question whether the prosecuting attorney had jurisdiction to file the information in the first instance. He must have that authority before he may proceed at the relation of anyone.

The scope of the authority, rights and duty of the attorney general or a prosecuting attorney and a qualified relator under said section are clearly stated in State ex inf. Dorain ex rel. Black v. Taylor, 208 Mo. 442, 106 S.W. 1023. We said in 208 Mo. 451–452, 106 S.W. 1026: "Now observe our statute [now Sec. 531.010] charges the Attorney General of the state and the prosecuting attorneys of the respective counties with the duty of speaking in the name of this sovereign commonwealth, 'in case any person shall usurp, intrude into or unlawfully hold or execute any office or franchise.' In such case, in matters of initiative they wield the bolt forged by the law. *No other hand may.* They stand charged with the duty of exhibiting to the court an information in the nature of quo warranto, at the relation of any person desiring to prosecute the same. When such information has been once filed and proceedings commenced in

a circuit court at the relation of such person, such prosecuting attorney or Attorney General steps down from the exclusive stool of duty and responsibility, and, seating himself on a lower and more humble bench of power shared jointly with relator, he may not thereafter dismiss or discontinue such proceeding without his consent. * * So much appears from that statute, and the case may proceed with the assumption *that the power and duty of the prosecuting attorney to alone use the name of the state in quo warranto come down unimpaired,* in full flower, until such time as the information is exhibited, filed, and the proceeding commenced; and, with that point once reached, the relator thenceforward *(but not before)* shares with him the control and disposition of the litigation." (Italics supplied.)

This rule is not inconsistent with anything said in State ex inf. Otto ex rel. Bales v. Hyde, 317 Mo. 714, 296 S.W. 775, or any of the other cases cited by respondent.

We repeat: The authority and jurisdiction of a prosecuting attorney to file quo warranto is fixed by the law of Missouri and not by the *qualifications of a relator.*

Respondent also asserts that the Supreme Court of Miss., in Kennington-Saenger Theaters, Inc., v. State ex rel, supra, was not considering a special quo warranto statute. A careful study of the opinion shows otherwise. The statute which caused a division in the court is now Section 1121, Miss. Code 1942, under title "quo warranto" and provides: "The proceedings in such cases [quo warranto] shall be by information, in the name of the state, by the attorney-general or a district attorney, on his own motion *or on relation of another, * * *."* (Italics supplied). Other statutes were discussed, but the fundamental question at issue was the authority and jurisdiction of the district attorney (prosecuting attorney) to file the information.

The motion for rehearing is overruled.